NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1784-19

LISA I. GREEBEL,

     Plaintiff-Respondent,

v.

MICHAEL A. LENSAK,

     Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

April 14, 2020

APPELLATE DIVISION

Submitted March 1, 2021 – Decided April 14, 2021

Before Judges Messano, Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FM-19-0178-15.

Celli, Schlossberg, De Meo, & Guisti, PC, attorneys for appellant (Alfonse A. De Meo, on the briefs).

Snyder, Sarno, D'Aniello, Maceri & Da Costa, LLC, attorneys for respondent (Angelo Sarno, of counsel and on the brief; Laura Guinta Gencarelli, on the brief).

The opinion of the court was delivered by

HOFFMAN, J.A.D.

This appeal arises from post-judgment motions in this palimony suit, which settled in 2018, between plaintiff Lisa Greebel and defendant Michael

Lensak. Defendant appeals from two orders entered by the Family Part on November 22, 2019 that disqualified defendant's counsel, dismissed without prejudice defendant's motion to vacate the final judgment, sealed defendant's motion and all associated pleadings, and barred use of the pleadings without further court order. We affirm the orders insofar as they disqualify defendant's counsel and dismiss defendant's motion to vacate; however, we reverse the provision sealing and barring further use of the motion pleadings.

I.

We discern the following facts from the motion record. The parties never married, but shared a long-term, romantic relationship from approximately June 2000 to March 2013. During this time, the parties purchased a home, cohabitated, and raised their daughter together. Defendant did not want to marry but promised to financially support plaintiff, who quit her job to raise their daughter.

During the parties' relationship, defendant allegedly made threats to leave plaintiff. For this reason, in 2005, plaintiff sought legal advice from attorney Vincent Celli of Celli, Schlossberg, De Meo, & Guisti, P.C. (the Celli firm) about her right to financial support from defendant if the parties ever ended their relationship without marrying. Plaintiff expressed concerns about defendant threatening to leave her, resisting marriage, and potentially misrepresenting his

income and assets. Plaintiff also disclosed to Mr. Celli the parties' financial arrangements, lifestyles, assets, and income. Specifically, plaintiff disclosed the parties' acquisition of their home and handling of finances. Given this information, Mr. Celli explained to plaintiff the concept of palimony and her right to support, estimated plaintiff's potential relief, and advised plaintiff not to marry defendant; if the parties married and divorced, a court would exclude the pre-marriage years in calculating plaintiff's relief.

Using a different attorney, on October 27, 2014, plaintiff filed a complaint for palimony against defendant. The parties ultimately entered into a settlement agreement wherein, among other things, defendant agreed to provide plaintiff with monthly palimony payments of $3,435.31 over twelve years and weekly child support payments of $142 until their daughter's emancipation. The court entered a final judgment incorporating the settlement agreement on September 4, 2018.

Thereafter, defendant retained the services of Mr. Celli. On September 3, 2019, Mr. Celli filed a motion for defendant to vacate the final judgement pursuant to Rule 4:50-1, re-open discovery, and set aside the settlement agreement. Defendant alleged he discovered, after entry of the final judgment, that plaintiff intentionally misrepresented and concealed her income and assets during settlement negotiations.

On October 19, 2018, in addition to moving to dismiss defendant's motion and obtain attorney's fees, plaintiff moved to disqualify the Celli firm from representing defendant, alleging the 2005 disclosure created a disqualifying conflict. With the motion, plaintiff provided her own certification and a 2013 email she sent to her attorney, Angela Paternostro-Pfister, prior to settlement negotiations, in which she recounts following Mr. Celli's advice not to marry defendant.

On November 19, 2019, the motion court heard argument on the matter and issued an oral opinion on the record on November 20, 2019. First, the court found plaintiff presented sufficient evidence the consultation occurred based on her certification and the 2013 email. Furthermore, the court found a disqualifying conflict based upon plaintiff disclosing to Mr. Celli "significantly harmful" information, specifically about the parties' finances and defendant's continued promises of support, "substantially related" to the issues involved in Mr. Celli's representation of defendant in challenging the final judgment. The court gave particular weight to the 2013 email wherein plaintiff confirmed she relied upon Mr. Celli's advice in her relationship with defendant.

Because the court found Mr. Celli, and by extension the Celli firm, disqualified, the court found it "important that the work that [the Celli firm has] done in conjunction with [defendant's motion to vacate] not in any way be

utilized in the event that [defendant] is to pursue this claim either as a self-represented litigant or should he hire new counsel."

Accordingly, the court issued two orders on November 22, 2019: the first one, disqualifying the Celli firm, sealing the pleadings, and barring defendant from sharing the pleadings or any supporting documents with new counsel, and the second one, dismissing defendant's motion to vacate because of the disqualifying conflict.

Defendant now appeals the two orders, arguing:

POINT I

THE COURT FAILED TO PROPERLY APPLY THE STANDARD SET FORTH IN O BUILDERS AND ASSOC. V. YUNA CORP. OF NEW JERSEY, 206 N.J. 109 (2011). (Not raised below)

POINT II

THE COURT ERRED BY DISQUALIFYING DEFENDANT'S COUNSEL.

POINT III

THE COURT ABUSED ITS DISCRETION IN DISMISSING THE DEFENDANT'S MOTION TO VACATE.

POINT IV

THERE WAS NO BASIS IN STATUTE, CASE LAW OR COURT RULE TO SEAL THE PLEADINGS OR

TO BAR MR. LENSAK FROM FURTHER USING
THE PLEADINGS.

II.

We review a decision on a disqualification motion de novo. <u>City of Atl.</u> <u>City v. Trupos</u>, 201 N.J. 447, 463 (2010). We weigh "the need to maintain the highest standards of the [legal] profession against a client's right freely to choose his counsel." <u>Dewey v. R. J. Reynolds Tobacco Co.</u>, 109 N.J. 201, 205 (1988) (alteration in original) (internal quotations omitted).

Defendant contends the motion court erroneously disqualified the Celli firm because plaintiff failed to provide the information disclosed to Mr. Celli with specificity and any disclosed information would be discoverable. We disagree.

<u>R.P.C.</u> 1.18(a) "prohibits a lawyer who has had discussions with a prospective client from revealing any information acquired during the consultation . . . except to the extent <u>R.P.C.</u> 1.9 would permit the lawyer to reveal information acquired from a former client." Kevin H. Michels, <u>New Jersey</u> <u>Attorney Ethics: The Law of New Jersey Lawyering</u> § 21:2-3 at 512 (2011). <u>R.P.C.</u> 1.18(b) "precludes any representation of a client with interests materially adverse to those of a former prospective client in the same or a substantially related matter if the information acquired from the former prospective client

could be significantly harmful to that person in the matter." Id. at 512-13. To justify disqualification, two factors must coalesce: 1) the information disclosed in the consultation must be the same or substantially related to the present lawsuit and 2) the disclosed information must be significantly harmful to the former client in the present lawsuit. O Builders & Assocs., Inc. v. Yuna Corp. of N.J., 206 N.J. 109, 113-14 (2011).

Furthermore, the former client must make more than "bald and unsubstantiated assertions" that she disclosed "business, financial and legal information" that the client believes might be related to the present matter. Id. at 129. Matters are "substantially related" if "the lawyer for whom disqualification is sought received confidential information from the former client that can be used against that client in the subsequent representation of parties adverse to the former client" or the "facts relevant to the prior representation are both relevant and material to the subsequent representation." Id. at 125 (quoting Trupos, 201 N.J. at 451-52). Information is "significantly harmful" if "prejudicial in fact to the former prospective client within the confines of the specific matter in which disqualification is sought[.]" Id. at 126.

Applying these principles, we conclude the motion court correctly determined that plaintiff disclosed to Mr. Celli significantly harmful information substantially related to this litigation. Plaintiff disclosed to Mr. Celli her views

and concerns about the parties' relationship, financial arrangements, lifestyles, assets, and income. This information was, and remains, substantially related to this litigation; the disclosed information was material to plaintiff's claim for palimony, the same issue at the heart of this litigation. Palimony centers on promises of continued support and the relationship between the parties, <u>Levine v. Konvitz</u>, 383 N.J. Super. 1, 3 (App. Div. 2006), and plaintiff disclosed such information to Mr. Celli. Though disclosed nine years before the plaintiff's alleged misrepresentation, the information is nonetheless substantially related, covering the parties' finances for the first four years of their relationship that would form the basis for their settlement agreement.

Moreover, the disclosed information could be used against plaintiff in this litigation. Specifically, plaintiff disclosed information and personal concerns about the parties' relationship and financial arrangements. This information informed Mr. Celli's advice and provides, at least in part, insight into plaintiff's motivations in her relationship with defendant, relevant for years after the disclosure. Defendant, who would not otherwise have access to plaintiff's personal thoughts, could use this information against plaintiff in challenging her palimony award or in future settlement negotiations. We find no basis to disturb the motion court's determination that the disclosed information is, therefore,

substantially related to this litigation and significantly harmful to plaintiff, creating a disqualifying conflict.

Because the motion court properly disqualified Mr. Celli and his firm, the court also properly dismissed without prejudice defendant's motion to vacate filed by the Celli firm. The court correctly concluded it could not address this motion on the merits with disqualified counsel. Defendant may refile the motion within thirty days of this opinion. We affirm these portions of the orders.

## III.

Though we find a disqualifying conflict, we agree with defendant insofar as he argues the motion court erroneously ordered the motion pleadings sealed and barred from further use. As defendant accurately asserts, the motion court made no factual findings or conclusions of law to justify the sealing.

There is a presumption of public access to documents and materials filed in a civil action. Hammock by Hammock v. Hoffmann-Laroche, 142 N.J. 356, 380 (1995). The presumption may be rebutted by showing "[d]isclosure will likely cause a clearly defined and serious injury to any person" and "[t]he person's . . . interest in privacy substantially outweighs" the need for access. R. 1:38-11.

The sealing of documents is "addressed to the trial court's discretion," but "that discretion must be structured." Hammock, 142 N.J. at 380. The court must

state with particularity the facts that "currently persuade the court to seal the document[s]." Id. at 382. The court must "examine each document individually and make factual findings" with regard to why the interest in public access is outweighed by the interest in nondisclosure. Keddie v. Rutgers, 148 N.J. 36, 54 (1997).

Here, the motion court made no findings regarding what, if any, harmful information the motion pleadings contain. Nor do we find plaintiff demonstrated sufficient cause for sealing; the disclosed information previously discussed is not the basis for defendant's motion to vacate. Defendant's motion was premised largely on public records of property transfers plaintiff allegedly made with family members, and other allegations occurring long after any consultation with Mr. Celli. Accordingly, we reverse the order as it relates to sealing the pleadings and barring their further use and direct the motion court to unseal the pleadings.

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1784-19

10